SUCCESSORS OF A. MAYOL & Co., *S. en C.*, Plaintiff and Appellant, *v.* JUAN G. GALLARDO, TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 6904. Argued March 4, 1935.—Decided March 27, 1935.

*J. J. Ortiz Alibrán* for appellant. *Benjamin J. Horton, Attorney General,* and *T. Torres Pérez, Deputy Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Sucs. de A. Mayol & Co. brought suit to recover taxes paid under protest. The suit was brought on the 16th of February, 1925, and judgment was rendered against them

on the 23rd of February, 1926. The plaintiff appealed and made application for various extensions of time. The last extension given was on October 14, 1927, and from that time on no further extension of time was asked.

On the 5th of November, 1934, the plaintiff prayed for and obtained a judgment roll in the lower court and filed the said record in the Supreme Court of Puerto Rico the 17th of December, 1934. Then the Treasurer moved to dismiss on two grounds: first, because the transcript was incomplete, and second, in effect, because the appellant had allowed eight years to pass without bringing the transcript to this court.

■ The appellee maintains that under some previous jurisprudence of this court, it was possible to bring up the judgment roll without the evidence, but that Act 81 of 1919 changed all this and made it necessary for the whole record in the court below to be transcribed to this court. We are of the opinion that the Act of 1919 did not deprive an appellant of the right to review mere questions of law as appeared from the judgment roll and could be decided independently of the evidence submitted at the trial.

■ The appellant, to answer the second ground of the appellee, says that at the time of filing his motion the record on appeal was already before this court, citing section 58 of the Rules. Section 58 was designed to cover cases where the appellant had within a reasonable time filed the record in this court. We held that as no matter of jurisdiction was involved, the court could permit what might be considered a reasonable delay. The appellant says that the delay on the lower court was more apparent than real; that it made every possible attempt to obtain the transcript of the evidence and even paid the stenographer eighty dollars and when it could not obtain the transcript of the evidence it decided just to review law questions before this court. We are not at all sure that within the eight years the appellant

could not have obtained the transcript of the evidence. We hold that Rule 58 does not cover the facts of the case before us.

See for analogy Rule 59 of this court, as follows:

"After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this Court may, in the discretion of the court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

We may further question, without deciding, whether the right to abandon the transcript of evidence may be exercised at any time at the option of the appellant, and whether when he does abandon such transcript he may not be held to a more strict observance of diligence than was displayed here.

As the appellee points out, there was no attempt in the court below to substitute the defendant Gallardo, Treasurer of Puerto Rico, by his successor in office. Technically the case would be subject to dismissal for that reason.

Given the lack of diligence in the case, we feel bound to dismiss the appeal and so order.